[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on Plaintiff's claim for damages pursuant to the Criminal Injuries Compensation Act, R.I.G.L. 12-25-1 et seq. hereinafter referred to as The Act.
The facts are not in dispute. William C. Scanlon, Jr., father of the Plaintiff, was murdered at his home in the Town of Cumberland on or about December 15, 1990. An investigation led police to seek one Gerald J. D'Arezzo for questioning in the incident. However, D'Arezzo committed suicide before police could locate him. Now, Plaintiff, the twenty-four year old son of the victim, seeks compensation under The Act as a "dependent" of the victim.
Since William C. Scanlon is clearly a victim within the meaning of the Victim Injuries Compensation, the sole question before the Court is whether Seann K. Scanlon can be considered a "dependent" under The Act.
At the time of his father's death, Plaintiff was employed as a salesman by State Line Auto Brokers in Attleboro, Massachusetts. In that capacity his gross salary and commissions amounted to approximately $2000 per month. Plaintiff asserts that he relied upon his father, manager of State Line, for his position. In fact within two weeks of his father's death, he was dismissed from his job and remained unemployed for six months. In addition, Plaintiff's father contributed $250 per month to Plaintiff and his family in order to improve his living conditions. Plaintiff now seeks to regroup these losses from the Victim Injuries Fund.
Plaintiff relies on section 12-25-2(3) of the Act which defines "dependent" as follows:
. . . a person wholly or partially dependent upon the income of the victim at the time of his or her death or would have been so dependent but for the incapacity due to the injury from which the death resulted and shall include a child of such victim born after the death of such victim.
Plaintiff claims that the above cited definition is clear and unambiguous and therefore should be assigned their plain and ordinary meaning. Also, Plaintiff claims that the cited facts are analogous to a situation involving a contract which have been upheld under Rhode Island law.
The Court rejects both of Plaintiff's claims, not to do so would lead to an irrational result that never could have been intended by the General Assembly. If this Court were to accept Plaintiff's reading of 12-25-2(3) the claims against the fund could extend to people with only a commercial involvement with a victim. The General Assembly did not create this fund to guarantee contractual obligations. It would not be difficult to imagine claims from butchers, bakers or candlestick makers who had become "wholly or partially dependent upon the income of the victim".
This Court reads "dependent" as someone who is not only "wholly or partially dependent upon the income of the victim" but is so dependent based upon something other than a gratuitous act regardless of how noble that act may be. Here, the victim was under no obligation to support a fully self-sufficient adult child. It is clearly the intent of the General Assembly to provide compensation for those spouses and/or minor children who the victim has an obligation to support.
Therefore, the Plaintiff's claim for support is denied. However, since the Plaintiff did pay the decedent's funeral bill he is hereby awarded $5,236.50 pursuant to 12-25-2(B) and counsel fees of $785.47. Counsel for the General Treasurer's Office will prepare the appropriate order for submission to the Court.